NATHANIEL HOOPER et al., Respondents, *v.* CHARLES McCULLOCH BEECHER et al., Appellants.

An order of General Term denying a motion for reargument is not reviewable here.

A party upon whose motion, and in whose favor an order is made, may not appeal therefrom.

Where questions presented by an appeal to this court from a judgment are dependent for their solution upon a consideration of the pleadings and the proofs, they will not be disposed of upon a motion to dismiss the appeal for alleged frivolousness.

(Submitted February 28, 1888; decided March 6, 1888.)

MOTIONS by plaintiffs to dismiss appeals taken by the defendants from the judgment in this action, entered upon an order of the General Term of the Supreme Court in the first judicial department, and from two orders of said General Term, made May 13, 1887, one of which denied a motion for reargument of the appeal, and the other of which modified a previous order of the General Term granting costs against the defendants and making the costs payable out of a fund in the hands of an assignee, one of the defendants.

The following is the *mem.* of opinion:

" The order of the General Term denying reargument is not reviewable here. The number of arguments which an appeal is entitled to and may have, is in the discretion of the court where the appeal is pending. (*Fleishmann* v. *Stern*, 90 N. Y. 110.) The order of the General Term modifying its

previous order and making the payment of costs a lien upon the funds in the hands of one of the defendants, as assignee, was granted upon the appellants' own motion. Thereby they obtained the precise relief they had made application for. A party in whose favor a judgment is entered or an order made, cannot be aggrieved by it, and he is, therefore, in no position to claim the right of appeal.

" As to the motion to dismiss the appeal from the judgment as frivolous, it should be denied. The action was instituted by the plaintiffs as judgment-creditors to set aside an assignment made by the defendants, comprising the firm of Charles McCulloch Beecher & Co., for the benefit of their creditors, to defendant Bartlett, as assignee. The court at Special Term held the assignment to be invalid, inasmuch as the instrument was signed by the firm name, and it did not appear that the act of the partner who executed it under the firm name, was authorized by, assented to, or acquiesced in by the other partners. The judgment of the Special Term was finally affirmed by the General Term for reasons stated in their opinion. From that judgment an appeal was taken to this court and is now pending.

" The judgment in question is final and, therefore, appealable. The legal questions involved are the validity or invalidity of an assignment for the benefit of creditors made and executed as above mentioned, and these questions are made to depend upon the consideration of the pleadings and the proofs. Those questions should be discussed upon the argument of the appeal when reached in its regular order upon the calendar. To dispose of such questions on a motion to dismiss for alleged frivolousness is to dispense with the rules prescribed for the orderly disposition of appealed causes.

" We cannot countenance such a course and thereby open up a short cut for the resort of litigants anxious to gain an earlier hearing from us than they are entitled to have by the rules.

The motion to dismiss the appellants' appeals from the orders of the General Term should be granted, and the motion to dismiss the appellants' appeal from the judgment herein

should be denied, but, under the circumstances, no costs are awarded to either party."

*Franklin Bien* for respondents.

GRAY, J., reads for granting motions to dismiss appeals from orders and for denial of motion to dismiss appeal from judgment.
All concur.
Ordered accordingly.