[No. 12593.   Department One. — September 30, 1889.]

S. P. LEMON, RESPONDENT, *v.* J. E. RUCKER ET AL., APPELLANTS.

APPEAL — DAMAGES FOR DELAY — GOOD FAITH OF ATTORNEY FOR APPELLANT. — When an appeal is without merit, and it appears to the appellate court to have been taken for delay, the mere fact that the attorney for the appellant acted in good faith in its prosecution will not relieve the appellant from liability for damages under section 957 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinions of the court.

*T. H. Laine,* for Appellants.

*J. C. Black,* for Respondent.

WORKS, J.—The only point made on this appeal is, that the findings do not cover the issues, or, as counsel for appellant expresses it, "that the case alleged is not found, and the case found is not alleged." We have compared the complaint and the findings, and are thoroughly convinced thereby that the point is not well taken; that the criticisms made upon the findings are frivolous and unworthy of consideration, and that the appeal is wholly without merit.

Judgment affirmed, with twenty per cent damages.

Fox, J., and PATERSON, J., concurred.

A petition for a hearing in Bank having been subsequently filed, the following opinion was rendered thereon in Bank on the 29th of October, 1889:—

The Court.—On rehearing. Counsel for appellant has filed an earnest and elaborate petition for a rehearing in this case, in which he urges upon us his good faith in prosecuting the appeal, and contends that damages should not have been assessed.

We cannot, after reading this petition, question the good faith of counsel in taking the appeal. He was undoubtedly of the belief that there was sufficient ground for reversing the case. But we are still of the opinion that this belief was wholly unfounded. Therefore, the question is, whether or not the right and duty of this court to assess damages depends upon the belief of the attorney for appellant that he has sufficient ground for a reversal. The code provides, "When it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." (Code Civ. Proc., sec. 957.)

In many cases the appeal may be prosecuted with the full belief that the cause may be reversed, and not only the *appeal* be taken, but the *reversal* desired for delay only. This may, and generally does, occur where the appeal does not affect the merits of the case, but rests entirely on technical grounds. The case before us is one of this kind. The cause of action was that the appellants, as real estate agents, had sold the respondent's land for one price and reported the sale to her at a less sum, and pocketed the difference. The evidence was not brought up, nor was it questioned by the appeal that the decision against the appellants was right on its merits. As was said in the former opinion, the appeal rested entirely on objections to the findings, which in our judgment were not only purely technical, but, in fact, wholly without foundation. A reversal, if the technical objections had been sustained, would not have reached the merits of the case, but would only have resulted in delay. It is fair to presume that this was the sole object of the appeal, as this would have been the

only result, in view of the fact that the merits of the case were not presented to this court. It seems to us, therefore, that if there ever was a case in which the assessment of damages was not only justifiable, but eminently proper, this was such a case. In the crowded condition of the business of this court, it is due not only to the respondent, whose right to the recovery of her money is delayed, but to the court and other litigants whose appeals are waiting to be heard, that the respondent should be properly remunerated for the delay, and this kind of appeals be discouraged.

For these reasons the petition for a rehearing, and for a modification of the judgment by striking out the assessment of damages, is denied.