(10 Misc. Rep. 399.)

JOHNSTON et al. v. MARTIN.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

APPEAL—WHEN LIES—CONSENT JUDGMENT.
    Where the parties in a suit for specific performance of a contract of sale of shares of stock stipulate that the stock shall be transferred at a price to be fixed by a referee, and the price is so fixed, the judgment of the referee is final.

Appeal from judgment on report of referee.

Action by William J. Johnston and the W. J. Johnston Company, Limited, against Thomas Commerford Martin, for specific performance of a contract of sale of shares of stock. From a judgment entered on the report of a referee, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas J. Keigharn, for appellants.
Masten & Nichols, for respondent.

PRYOR, J.  The defendant engaged to resell to the plaintiffs 20 shares of corporate stock at a price to be agreed upon between the parties, or, should they fail so to agree, then at a price to be fixed by arbitration.  The plaintiffs duly asserted their right to a repurchase of the stock under the contract, and on failure of the parties to agree upon the price, and refusal of the defendant to arbitrate, this action was brought.  The prayer of the complaint is "for judgment against the defendant, that it may be adjudged and decreed that the plaintiffs have the right and privilege, if they see fit to exercise the same, of purchasing the said twenty shares of stock from the defendant at a price to be fixed by the court, and that the court may fix such price for the same as it deems fair and reasonable," and for "other and further relief."  The case was referred, by consent, as we gather, to be heard and determined, and by stipulation "the only issue to be tried is as to the value of the stock."

It will be observed that the action is neither for breach of the contract to resell, nor for breach of the contract to arbitrate, but is rather for specific performance of the two contracts,—the court being substituted as arbitrator of the price,—and this, too, contrary to the fundamental principle which denies to equity jurisdiction for specific performance of an agreement for arbitration.  Nettleton v. Gridley, 56 Am. Dec. 383.  It will be noticed, further, that to enforce specific performance of the contract to resell would be in violation of the right the plaintiffs assert, namely, an option whether or not to repurchase at the price fixed by the court.  And, after all, when the court has heard the cause, and has ascertained the value of the stock, the plaintiffs may make nugatory its action by refusal to repurchase at the price determined.  The court is to do nothing more than fix what it "deems the fair and reasonable" price of the stock.  Has a court jurisdiction—is it its duty—to act as mere umpire of a question, for solving which the parties have provided the expedient of arbitration?  Should the court entertain the anomalous suit, and fix the price, the plaintiffs may not regard it as "fair and reasonable,"—in fact, they do not so regard it,—and, in the exercise of their option, may reject the award, as in fact they do reject it.  Even as an arbitration, the submission is futile.  So much for the case as it appears upon the pleadings and the stipulated issue.

But by another stipulation the plaintiffs "agree to purchase and take back the twenty shares of stock now held by the defendant, at such valuation as may be determined upon by the judgment in this action, and defendant will promptly deliver the same on payment of such price.  Judgment to that effect may be rendered by the referee."  Accordingly, the judgment rendered by the referee does fix the price, and does require the defendant to resell and the plaintiffs to repurchase the stock at the price fixed, namely, $350 a share.  Is it possible for the plaintiffs to appeal from this judgment?  The referee was to fix such price as he "deems a fair and reasonable valuation."  Virtually, an award upon arbitration.  Reizenstein v. Hahn (N. C.) 12 S. E. 43.  The plaintiffs have stipulated to perform it; that is, the "judgment rendered by the referee," and not the ultimate judgment of this general term, or of the court of appeals.  In the com-

plaint they allege that they are entitled to have the price fixed "by the decision or judgment of this court, so that they may purchase said stock." Nay, more; by express stipulation, of record, the plaintiffs consented to the judgment, and authorized its rendition by the referee; that is, a judgment for the repurchase of the stock "at such valuation as may be determined" by the referee. The judgment rendered is exactly the judgment demanded by the complaint, and consented to by the stipulation. Surely, a right of appeal does not survive entry of judgment by consent, and the exhaustion of the jurisdiction in the contemplation of the parties. Hooper v. Beecher, 109 N. Y. 610, 15 N. E. 742. If otherwise, however, and assuming the judgment rightly before us for review, we are content to affirm it on the clear, concise, and cogent argument of the learned referee. Examining the record, we perceive no prejudicial error pointed out by exception. Judgment affirmed, with costs. All concur.