[S. F. No. 2196.   Department One.—August 28, 1900.]

W. A. NEVILLS, Respondent, v. SAMUEL M. SHORTRIDGE and CHARLES M. SHORTRIDGE, Appellants.

PREMATURE ACTION — APPEAL FROM JUDGMENT — MOTION TO DISMISS — MERITS AND PURPOSE OF APPEAL NOT CONSIDERED.—The defendants in a premature action who have prevailed in a defense thereto have a right to appeal from a judgment of dismissal thereof which is declared to be not a bar to another action, which declaration was not in accordance with the prayer of their answer and is in form a judgment against them. Upon a motion to dismiss such appeal upon the ground that the appellants are not aggrieved, and that the appeal is frivolous and

taken for delay, the merits of the appeal, as respects the pre-judicial character of the judgment or the frivolous character of the appeal and the purpose of delay, cannot be considered.

Id.—Remedy for Frivolous Appeal.—An appeal cannot be dismissed upon the ground that it is frivolous or taken merely for delay. The remedy therefor must be sought in such addition to the judgment as may be just under section 957 of the Code of Civil Procedure.

Id.—Second Action—Plea in Abatement.—The fact that a second action has been brought for the same cause, and that the defendants have pleaded in abatement thereof the pendency of the former action by virtue of their appeal, is not a sufficient reason for dismissal of the appeal, even if such plea is well taken. Whether the appeal is sufficient to establish such plea must be determined in the second action.

MOTION to dismiss an appeal from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion.

John E. Richards, and Van R. Paterson, for Appellants.

Riordan & Lande, and James H. Campbell, for Respondent.

HARRISON, J.—Motion to dismiss the appeal.

The complaint herein seeks the foreclosure of a mortgage given to secure two promissory notes executed to the plaintiff by the defendants. In their answer the defendants, in addition to other defenses, allege that the plaintiff subsequent to the execution of the notes had extended the time for their payment, and that this time had not expired when the complaint was filed. The court found this fact in accordance with the answer, and thereupon entered judgment that the action "is hereby dismissed on the sole ground that it was prematurely brought; such dismissal, however, not to be a bar to another action, and defendants to recover their costs herein." From this judgment the defendants have appealed.

After the brief of the appellants had been filed, the respondent moved to dismiss their appeal upon the ground that, as the judgment was rendered in favor of the appellants, they are not "aggrieved," and therefore have no right of appeal. That portion of the judgment, however, which declares that the dismissal is not to be a bar to another action was not in accord-

ance with the prayer of their answer and is in form a judgment against them. They have, therefore, upon the face of the judgment a right to appeal therefrom. Whether this part of the judgment is prejudicial to their rights or whether it was competent for the court in this action to determine the effect of its judgment in any subsequent proceeding between the parties, are questions that involve an investigation of the merits of the judgment appealed from, and cannot be determined upon a motion to dismiss the appeal.

The respondent also urges as another reason for granting his motion that the appeal was taken for delay, and is frivolous, and in support thereof has presented an affidavit to the effect that in a subsequent action brought by him to foreclose the same mortgage the defendants herein have pleaded in abatement thereof the pendency of the present action by virtue of this appeal. Whether this appeal is sufficient to establish such plea of abatement must be determined, however, in that action. If it does have that effect, it cannot be urged as a reason for granting the present motion to dismiss the appeal herein. An appeal, moreover, will not be dismissed upon the ground that it is frivolous, or taken merely for delay. The remedy therefor must be sought under section 957 of the Code of Civil Procedure. (*Lemon v. Rucker*, 80 Cal. 609; *Randall v. Duff*, 105 Cal. 271. See, also, *Hooper v. Beecher*, 109 N. Y. 609.)

The motion is denied.

Garoutte, J., and Van Dyke, J., concurred.