## Woods v. Indiana Mutual Building and Loan Association.

[No. 4,036.   Filed October 9, 1901.   Rehearing denied January 7, 1902.   Transfer denied February 7, 1902.]

Appeal and Error.—*Transfer of Cause.*—Where a cause was affirmed by the Appellate Court, upon the authority of a decision of the Supreme Court, without written reason, under the act of 1901 (Acts 1901, p. 565, §1337q Burns 1901), the cause will not be transferred to the Supreme Court on a petition for a rehearing raising the question of the constitutionality of the act of 1901 permitting the affirmance of causes by the Appellate Court without written reason.

From Knox Circuit Court;  *G. W. Shaw,* Judge.

Action by Woodford E. Woods against the Mutual Building and Loan Association.  From a judgment for defendant, plaintiff appeals.  *Affirmed without written opinion.*

*W. T. Douthitt* and *J. S. Bays,* for appellant.

*J. W. Emison, R. W. McBride* and *C. S. Denny,* for appellee.

Roby, J.—The judgment of the Knox Circuit Court herein was affirmed without an opinion at the May term. Appellant has filed a petition for a rehearing, and a brief thereon, in which he attacks the constitutionality of §17 of the act of 1901, in so far as it permits the affirmance of causes without written reason.  Acts 1901, p. 565, §1337q, Burns 1901.  The determination of the question thus made is with the Supreme Court.  It is not the purpose of this court to exercise arbitrarily its power, nor to exercise it at all in this respect, except as justified by the character of the appellant's contention.

In the case at bar, appellant's propositions made in his original brief are fully disposed of by the opinion of the Supreme Court in the following cases:  *International, etc.,*

*Assn.* v. *Wall,* 153 Ind. 554; *Security, etc., Assn.* v. *Elbert,* 153 Ind. 198; *Ripley* v. *Mutual, etc., Assn.,* 154 Ind. 155.

The petition for a rehearing is overruled.