## SMITH, ADMINISTRATOR, *v.* HUSTED ET AL.

[No. 3,463.    Filed January 9, 1902.]

MONEY PAID.—*Deeds.—Consideration.—Mortgages.—Payment by Grantor.* —Where a grantor conveyed real estate to her daughter conditioned that the grantee should pay as a consideration therefor, after the death of grantor, certain specified amounts to grantor's children, and one-half of a certain mortgage existing on the real estate, but grantor paid the mortgage before her death, it will be presumed, in the absence of any showing to the contrary, that she intended that the grantee should be released from the payment of that part of the consideration.

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Action by James W. Smith, administrator, against Edna D. Husted and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe*, for appellant.

*R. P. Neal, T. J. Kane, T. E. Kane* and *R. K. Kane*, for appellee.

Smith *v.* Husted.

Robinson, P. J.—The only question presented is the sufficiency of appellant's complaint. On January 27, 1894, Elizabeth Roberts conveyed by deed, for $600 and natural love and affection, certain described lands to appellee Husted. The deed contained the following condition: "This deed is made subject to the payment of the above consideration after my death as follows: To my daughter Susan Neff $200; to my daughter Mary A. Carson $200, and to the children of my deceased daughter Elizabeth Stage $50 each, being $200, and to one-half of a mortgage of $400 on my farm, also, to pay one-half of my last sickness and burial expenses and the erection of a monument to be erected at my grave; no payment to be made on any of the above until after my death, and to the children of my daughter Elizabeth, until as they become twenty-one years old." Appellee Husted accepted the deed, had the same recorded, and, upon the death of Elizabeth Roberts on the 2nd day of February, 1898, took possession of the land, and has paid all the charges mentioned in the deed except the one-half of the mortgage. This mortgage was made by Elizabeth Roberts, March 18, 1887, to one Brown, and was due five years after date, and having become due before her death, she, on the 4th day of January, 1898, paid the same to the administrator of Brown, deceased. The land is averred to be worth $2,000. Appellant brings this action, asking personal judgment and that the amount be declared a lien on the land.

Appellee did not take the land simply subject to the mortgage, but the deed recited that she was to pay one-half the mortgage, and by accepting the deed she assumed that payment, and had the mortgage remained unpaid at the death of the grantor a personal judgment against the grantee might have been authorized. But the grantee did not become liable for this debt at the time she accepted the deed. She was to make no payment until after the grantor's death, and at that time there was no mortgage debt. It had been,

so far as shown by the pleading, voluntarily paid by the grantor herself. She certainly had the right to release the grantee from the payment of a part of the consideration. It was her own money. She did not make the payment through any request from appellee. It is not shown that there was any fraud, or mistake. The pleading does not show that any one has any right to complain of the act of the grantor in thus diminishing her own estate. In the absence of some showing to the contrary, the presumption is that by her voluntary payment of the amount the grantor intended that the grantee should be released from the payment of that part of the consideration; and if, as stated in appellant's brief, the grantee was the grantor's daughter, this presumption is strengthened.

Judgment affirmed.