STATE, EX REL. ACKERMAN, AUDITOR, v. KARR ET AL.

[No. 5,536.   Filed January 11, 1906.]

1. PLEADING.—*Demurrer for Want of Facts.*—*Raises Question of Plaintiff's Authority to Maintain Suit.*—A demurrer for want of sufficient facts raises the question of plaintiff's authority to maintain an action for the cause stated.   p. 122.

2. SAME. — *Complaint.*—*Drains.*—*Contracts.*—*Bonds.*—*Suits on, by Auditor as Relator.*—*Trusts.*—*Statutes.*—Where a contractor for a public drain refuses to perform his contract for the construction thereof, and the county auditor relets the contract for such construction to another contractor, paying a greater sum therefor, the county auditor is not a proper relator to bring an action on the bond of such original contractor for such damages, since he has no personal interest therein and is not the trustee of an express trust under §252 Burns 1901, §252 R. S. 1881. p. 122.

3. ACTION.—*Parties.*—*Drains.*—*Contractor's Bonds.*—*Statutes.*— Under §253 Burns 1901, §253 R. S. 1881, all actions on bonds payable to the State shall be brought on the relation of the parties interested, and this applies in favor of the assessed landowners as against a drainage contractor's bond.   p. 124.

From White Circuit Court; *Truman F. Palmer,* Judge.

Action by the State of Indiana, on the relation of Jasper L. Ackerman as county auditor of White county, against James P. Karr and another.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*William E. Uhl,* for appellant.

*Reynolds, Sills & Reynolds* and *George F. Palmer,* for appellees.

MYERS, J.—This is an action instituted by appellant on the bond of appellee James P. Karr, to recover damages for a breach of a contract for the construction of a ditch in White county, Indiana, under and pursuant to the act of 1881 (Acts 1881, p. 410) and amendments thereto. §§5656-5675 Burns 1901.

From the complaint it appears that various steps were taken before the Board of Commissioners of the County of

State, *ex rel.*, *v.* Karr—37 Ind. App. 120.

White, under and pursuant to said act, for the establishment and construction of a certain public ditch, whereby on April 8, 1901, appellee Karr, being the lowest and best bidder for the construction of certain parcels of such ditch, the same was awarded to him, and he then and there entered into a contract with Jasper L. Ackerman, as auditor of said county, for the construction thereof. At the same time, and for the purpose of securing a full performance of such contract, he executed a bond payable to the State, in a sum double the amount of the contract price for such work, with Abram Sluyter as surety thereon, which bond was duly approved by said auditor, and is still in full force and effect. Said Karr has failed and refused to carry out his part of the contract, and to construct the ditch as therein provided. Relator by reason of such refusal was compelled to, and did thereafter, relet said contract to another at a cost or price of $1,000 more than the sum for which appellee Karr, by his said contract, agreed to do said work. Such subsequent contract was made at the lowest price for which relator could obtain such work to be done. Neither of the contracts aforesaid was for a contract price in excess of the estimated cost of such work, as reported by the viewers and reviewers of such ditch. By reason of appellee Karr's failure to perform said work, and carry out his said contract as therein provided, relator says he was and is damaged in the sum of $1,000. He is prosecuting this suit for the benefit of the landowners whose lands have been assessed for the construction of said ditch. Judgment for $1,000 is demanded. Appellees demurred to the complaint on the grounds : (1) That relator has no legal capacity to sue, (2) that there is a defect of parties plaintiff, and (3) that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was sustained by the trial court, and, relator refusing to plead further, judgment was rendered on demurrer.

The ruling of the court in sustaining appellees' demurrer is here assigned as error.

A demurrer to a complaint for want of facts has been held to be sufficient to challenge the authority of the plaintiff to maintain a suit upon the cause of action. *Farris* v. *Jones* (1887), 112 Ind. 498, 503, and cases cited. In view of this authority the question of the right of appellant to maintain this action is presented for our consideration.

As we understand the averments of the complaint, the contract and bond were executed pursuant to and as authorized by §5656, *supra.* This section of our statute, among other things, provides that "the party receiving such contract, shall contract in writing with the auditor and give bond, with surety to be approved by the auditor, providing for the compliance with and performance of said contract." The bond in suit is payable to the State of Indiana, and conditioned that said Karr will construct the ditch and complete said work, as provided in the contract, and upon failure will pay all damages and costs accruing by reason of such failure. The contract was not complied with. In fact, it appears that no attempt was made to comply with it, and, by reason of such failure, that part of the ditch included in the contract with Karr was relet or subsequently contracted to another person at an increased cost and expense, which, under §5674, *supra,* was by the auditor placed upon the tax duplicate against the lands assessed for the payment of such work. From the averments of the complaint it appears that in the regular course of events, and pursuant to law, the lands assessed for such work have been and are liable to an increased assessment over that for which they would have been liable had appellee Karr performed his said contract with such auditor. It does not appear that the State or county has been in any way damaged or injured by Karr's failure to carry out his contract, nor is it claimed that any of the

extra cost or expense made on account of such failure is a proper charge against any fund or against any of the revenues belonging to the State or county. There is no provision in the drainage law, under which this ditch was sought to be constructed, expressly authorizing relator to institute this suit, nor does it attempt to provide the procedure under a state of facts such as we have before us.

It is not claimed that relator's authority to prosecute this action is found in the drainage act, but is authorized by §252 Burns 1901, §252 R. S. 1881. By this section "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

Under the law it was the duty of the obligor upon entering into a contract with the auditor for the construction of the ditch to give bond with surety to the approval of such auditor, providing for a compliance with his contract. The approval of the bond rests with the auditor, and there his authority ends in that regard. The bond was given and approved as required by law. The obligation therein is one of indemnity. It is a protection to those who suffer damages and costs by reason of the contractor's noncompliance with the contract. It is clear under the facts that the revenues of the State or county have not and will not by Karr's failure be affected, for by the very act itself it is made the duty of the auditor to place upon the tax duplicate, against the property assessed, all costs and expenses of the sale and resale of that part of the ditch covered by the contract. The entire additional burden is made to rest upon the landowner. He is thereby damaged. He is the party injured and interested. The bond in suit was an instrument required by the law for such improve-

ment. It is an obligation authorized by law, and from which the law, acting upon the relationship of the parties, establishes the privity and creates the liability under the bond to the parties damaged by a breach of the contract, and for all such damages such parties may be reimbursed by an action on such bond.

We are unable to agree with appellant that the auditor, whose authority in this particular is purely statutory, can be considered as a trustee of an express trust by reason of the fact that as such official he was a party to the contract. While it is true that "the contract and bond are to be considered together" (*Brown* v. *Markland* [1899], 22 Ind. App. 652), yet the bond is the foundation of this action (*King* v. *Downey* [1900], 24 Ind. App. 262). But under §253 Burns 1901, §253 R. S. 1881, it is expressly provided that "actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested," and as we are unable to trace any interest in the controversy to the relator, we can not conclude in the face of the section of our code last cited that relator, by the simple act of approving the bond, thereby became authorized under §252 *supra,* to maintain this action. In our opinion §§251, 253 Burns 1901, §§251, 253 R. S. 1881, control, and the facts here appearing do not bring the relator within the provisions of these sections.

Judgment affirmed.