## RYDER ET AL. v. SHEA ET AL.

[No. 22,460.   Filed December 11, 1913.]

1. RECEIVERS.—*Appointment.*—*Interlocutory Order.*—*Appeal.*—*Motion to Dismiss.*—A motion to dismiss an appeal taken from an interlocutory order appointing a receiver without notice, may not involve a question concerning the merits of the controversy. p. 575.

2. RECEIVERS.—*Appointment.*—*Interlocutory Order.*—*Appeal.*—*Motion to Dismiss.*—An appeal from an interlocutory order appointing a receiver without notice, will not be dismissed where the briefs and motion for dismissal present no question as to jurisdiction, or with reference to the perfection of the appeal, or in regard to any matter that might furnish ground for a motion to dismiss. p. 575.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Appeal from an interlocutory order appointing a receiver without notice, and motion by appellees to dismiss the appeal. (For decision on the merits see        Ind.    .) *Motion overruled.*

*McNutt, Wallace & Sanders* and *Walker & Blankenbaker,* for appellants.

*J. R. Roach* and *E. F. Williams,* for appellees.

MORRIS, C. J.—The appeal here is from an interlocutory order, appointing a receiver without notice, jurisdiction of

which is vested in this court.    Subd. 17, §1392 Burns 1908, Acts 1907 p. 237.    The record shows that on September 2, 1913, the trial court, on motion of appellees, without notice to appellants, appointed a receiver.    The next morning appellant Ryder appeared and prayed an appeal to this court, and perfected his appeal as required by §1289 Burns 1908, §1231 R. S. 1881.    Before taking the appeal, no exception was reserved to the action of the trial court.    On October 11, 1913, appellees filed a motion here, to dismiss the appeal, grounded solely on the proposition that there was no exception reserved in the court below.    Appellees have filed a brief, in support of the motion, that evinces great industry and painstaking care in its preparation, and appellants' brief, resisting the motion, is no less worthy of com-

1. mendation.    However, no question is presented for our consideration, for such a motion may not involve a question concerning the merits of the controversy.    Elliott, App. Proc. §522; 3 Cyc. 197; *Nevills* v. *Shortridge* (1900), 129 Cal. 575, 62 Pac. 120; *Hooper* v. *Beecher* (1888), 109 N. Y. 609, 15 N. E. 742.

The question here presented involves nothing but the merits of the controversy. .There is no dispute about this court's jurisdiction of the subject-matter, or of the

2. persons of the appellees.    No question arises with reference to the perfection of the appeal, or in regard to any matter that might furnish a ground for a motion to dismiss.    Elliott, App. Proc. §§541-549.

If appellees' contention shall prevail, the judgment of the trial court must be affirmed; otherwise it must be reversed. The motion to dismiss is overruled at appellees' cost.

NOTE.—Reported in 103 N. E. 411.  See, also, under (1) 3 Cyc. 197;  (2) 3 Cyc. 196.