## STATE OF INDIANA, EX REL. MARKLEY, SUPERINTENDENT, *v.* FRANTZ ET AL.

[No. 21,956.   Filed January 15, 1914.   Rehearing denied March 12, 1914.]

1.   APPEAL.—*Motion to Dismiss.*—A motion to dismiss an appeal, assigning reasons that go to the merits of the cause, and that would, if sufficient, require an affirmance of the judgment, cannot be sustained.   p. 320.

2.   DRAINS.—*Action on Contractor's Bond.—Right of Action.—Superintendent of Construction.*—Pursuant to §5 of the drainage act of 1907 (Acts 1907 p. 508), authorizing a suit to be brought on a contractor's bond in the name of the State on the relation of a landowner sustaining damage, and also providing that the "super-

intendent may bring suit on such bond * * * to recover any increase cost, expense or damage of or to the work by reason of such failure of such contractor", etc., and §21 of that act, repealing previous drainage laws and providing that pending proceedings, other than those commenced under the drainage act of 1905, shall be determined and concluded under the provisions of the act of 1907, the superintendent of construction is a proper relator in an action on the bond of a contractor for the construction of a drain under proceedings commenced prior to 1905.  p. 320.

3.  DRAINS.—*Construction.— Contracts.— Performance.— Engineer's Estimate.*—Where a contractor for the construction of a portion of a drain was to construct his allotment in the manner as set forth in the report of the viewers for the sum of $764.50, but, on ascertaining that the engineer's estimate as to the amount of the excavation was erroneous, obtained the consent of the board of commissioners to the construction of a drain narrower and of less depth than that specified, his failure to construct the drain in the manner set forth in the report of the viewers was a breach of contract rendering him liable on his bond for the amount necessary to finish the drain in accordance with the specifications, together with the amount earned by the superintendent for extra services rendered by him, and interest from the time of filing suit thereon, but not for attorney fees, in the absence of a provision therefor in the contract.  p. 322.

4.  APPEAL.—*Review.—Disposition of Cause.*—Where a reversal is required because of error in the conclusions of law stated by the trial court, and it is apparent that the ends of justice would not be subserved by ordering a new trial, a reversal will be ordered with directions to the court below to restate its conclusions and render judgment accordingly.  p. 323.

From Wells Circuit Court; *Samuel E. Cook,* Special Judge.

Action by the State of Indiana, on the relation of Gabriel T. Markley, superintendent for the construction of a drain, against Peter Frantz and others. From a judgment for defendants, the relator appeals.  (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.
*W. H. Eichhorn* and *E. C. Vaughn,* for appellees.

MORRIS, C. J.—This was a suit on a contractor's bond, instituted by appellant, the State of Indiana, on the rela-

tion of Gabriel T. Markley, as superintendent for the construction of a drain, against appellee Peter Frantz, as principal, and the other appellees as sureties. The court overruled a demurrer to the complaint, whereupon appellees filed an answer in seven paragraphs, the first of which was a general denial. A demurrer, to each paragraph of answer except the first was sustained except as to the seventh. A reply of general denial, addressed to the seventh paragraph, closed the issues. There was a special finding of facts with conclusions of law. The errors relied on here involve the overruling of the demurrer to the seventh paragraph of answer, and each conclusion of law stated, except the second. The facts found include those alleged in the seventh paragraph of answer, and the conclusions of law embrace the legal questions presented by the demurrer to such paragraph.

The special finding, among other things, discloses the following facts: A petition was filed before the board of commissioners, to construct a drain under the Five Mile Drainage Act of 1891. Acts 1891 p. 455, §5690 Burns 1901. The proposed drain was ordered established. Land of appellee, Peter Frantz, was assessed for construction in the sum of $764.50, and construction allotment No. 608 of the drain was apportioned to his land. Appellee, Frantz, entered into a contract for the construction of such allotment, for the sum of $764.50, and, to secure the performance of the contract, the bond in suit was executed. This bond was in a sum double the contract price. The engineer's estimate was that allotment No. 608 would require the excavation of 411 cubic yards of stone, at the estimated cost of $1 per yard, and 1,414 cubic yards of earth at the estimated cost of 25 cents per yard. Appellee, Frantz, and some other contractors, commenced the construction of several allotments under their contracts when they discovered that the engineer's estimates of the rock and earth excavation in their respective allotments were erroneous, and that in fact there was much more rock excavation required than esti-

mated, and they thereupon filed their petition with the board, setting up such fact, and obtained thereon an order from the board permitting them to construct a channel of less width and depth than required by the plans and specifications on which their respective contracts were let. This order was made without the knowledge or consent of the other landowners who were parties to the proceeding. After this order was made, appellee Frantz proceeded with his construction and completed the same according to the provisions of the last order, and received from the acting superintendent, John H. Trostel, a certificate reciting the completion of the job and was paid the full contract price therefor, and the work done by him was worth the contract price; but he never did complete the job according to the original specifications of the order establishing the drain. Afterwards, superintendent Trostel filed with the board what purported to be a final report showing the completion of the work. One of the parties to the proceeding, Delia M. Studebaker, filed exceptions to such report. On a hearing, the board decided that the work had been completed, and approved the superintendent's report. The said Trostel thereupon removed from this State, and has ever since continued to be a nonresident. On appeal from the above order to the circuit court, the latter adjudged that the work had never been completed, and remanded the cause to the board of commissioners with instructions to appoint a new superintendent and require the completion of the construction of the drain in accordance with the specifications of the report of the drainage commissioners. The board thereupon appointed Gabriel T. Markley superintendent, with instructions to proceed in accordance with the judgment of the circuit court. Markley qualified as such superintendent and relet the Frantz job to one Maddux, for the sum of $353.04. Maddux completed the same according to the original specifications. This work was finished October 15, 1907, which fact was duly certified by the superintendent,

who, before the commencement of this action demanded of appellees the payment of said sum of $353.04. This complaint was filed October 19, 1907. The court further finds that there is due Maddux for completing the work the sum of $353.04, and that superintendent Markley's services in the same matter are of the value of $78; that the services of appellant's attorneys, in prosecuting this suit, are worth $150.

The court concludes: (1) that the law is with the defendants; (2) that the order of the board changing the specifications was void; (3) that appellee Frantz is not liable on the bond, because the extra cost of construction was not included in the engineer's estimates; (4) that the obligation of the bond was discharged by the performance of work in value equal to the contract price; (5) appellee Frantz was not bound by the contract and bond to perform work on the allotment in a value greater than the estimated cost of the work; (6) that the extra cost of completing the work should be assessed against all the lands benefited in proportion to benefits accruing. Appellant excepted to each conclusion of law except the second.

Appellees have filed a motion to dismiss this appeal. The reasons assigned go to the merits of the cause, and, if sufficient, would warrant an affirmance of the judgment below, rather than a dismissal of the appeal. *Ryder* v. *Shea* (1913), 180 Ind. 574, 103 N. E. 411. The motion is overruled.

Appellees seek to meet appellant's contentions here by declaring that all the court's conclusions of law, excepting the first one should be disregarded; that the action of the trial court in overruling the demurrer to the seventh paragraph of answer, if erroneous, was harmless because the complaint is insufficient. Counsel for appellees zealously contend that the superintendent of construction is not a proper relator to bring an action for the breach of a contractor's bond; that the superintendent is

not a trustee of an express trust within the meaning of §252 Burns 1908, §252 R. S. 1881, and that only such persons as sustain damage by a breach of the bond can be held proper relators in such actions. In support of this contention, *State, ex rel.* v. *Karr* (1906), 37 Ind. App. 120, 76 N. E. 780, is cited. Disregarding any change of statute, it seems that appellees' contention is sustained by the decision cited. In that case, the relator was the county auditor, who, under the statute there involved, let the contract for construction, and took the bond. Here the superintendent of construction performed such duties. §8, Acts 1891 p. 455, §5697 Burns 1901. It was held that the auditor was not a trustee of an express trust, and was not a proper relator in a suit on the bond, and that the only proper relator was one who was damaged. It is suggested by appellant that the superintendent here is a proper relator because the complaint alleges that the superintendent was damaged to the extent of the value of his services in reletting the contract. This theory, however, cannot be maintained, because the superintendent sues here, not in his individual capacity, but as the superintendent of construction. Appellees' learned counsel, however, have wholly overlooked some of the provisions of the drainage act of 1907 (Acts 1907 p. 508, §6140 Burns 1908). By §21 of that act (Acts 1907 p. 508, §21), previous drainage laws were repealed, with the proviso that pending proceedings, other than those commenced under the drainage act of 1905, shall be determined and concluded under the provisions of the act of 1907. This drain was established previous to 1905, and therefore the proceedings here are governed by the act of 1907. Section 5 of the act (Acts 1907 p. 508, §6144 Burns 1908) authorizes a suit on the contractor's bond to be brought in the name of the State on the relation of a landowner sustaining damage, and further provides that "such superintendent of construction may bring suit on such bond * * * to recover any in-

crease cost, expense or damages of or to the work by reason of such failure of such contractor, and the amount recovered shall be and become a part of the funds in the hands of such superintendent, for the construction of such work, the same as assessments''. The decision in *State, ex rel.* v. *Karr, supra,* was handed down in 1906, and it is probable that because thereof the above provisions are found in the enactment of 1907. We hold that the superintendent here was a proper relator, under the provisions of the act of 1907.

By §9, of the Five Mile Drainage Act of 1891 (Acts 1891 p. 455, §5698 R. S. 1901), the contractor was liable on his bond for all damages accruing by reason of his failure to complete the job within the time required. By the complaint here, a recovery is sought for the added cost of completing the allotment, for the added services of the superintendent, and for attorney fees. The value of each item is found by the court.

It is manifest that the trial court erred in the third, fourth, fifth, and sixth conclusions of law. The engineer's estimates did not constitute any element of the contract.

3. By its terms, appellee Frantz agreed ''to construct and fully complete in the manner as set forth in the report of the viewers * * * allotment No. 608 * * * for the sum of $764.50''. This he failed to do, and such failure resulted in the necessary reletting of the contract for the completion of the work, and the performance of additional services by the superintendent, and for such failure appellee Frantz is liable on his bond. We are of the opinion that there is no liability for attorney fees. No provision therefor is found in the contract, and the statute in force when it was executed provided for no such liability. 13 Cyc. 80, 81.

It follows that the court erred also in its first conclusion of law, and, on the facts found, judgment should have been awarded plaintiff for the $353.04 earned by Maddux in finishing the job and for the $78 earned by the superintendent

in the extra services rendered by him, together with interest accruing thereon since the filing of the complaint. The ends of justice would not be subserved by ordering 4. a new trial of the cause. *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110. The judgment is reversed with costs, and the trial court is ordered to restate its conclusions of law and render judgment for plaintiff in the amount above indicated.

NOTE.—Reported in 103 N. E. 833. See, also, under (1) 3 Cyc. 197; (3) 14 Cyc. 1052; (4) 3 Cyc. 450. As to effect of architects' certificates and engineers' estimates when provided for in contract, see 56 Am. St. 312.