ROETZEL ET AL. *v.* STATE EX REL. STEVENSON.

[No. 13,739. Filed April 24, 1930. Rehearing denied September 3, 1930. Transfer denied May 18, 1933.]

*W. C. Mason, W. M. Smith, T. Morton McDonald, Lindsey & Hunt,* for appellants.

*Ralph E. Roberts, James L. Houston* and *Thomas Duncan,* for appellee.

LOCKYEAR, J.—This is an action by the State of Indiana ex rel. George E. Stevenson, superintendent of the Joseph Schaefer et al. drain in Ohio and Hammond Townships, Spencer County, Indiana, against the appellants, Henry C. Roetzel, John G. Rimstidt, Mary Snyder and Mary Snyder, executrix, for the breach of the conditions of the bond executed by the appellants to secure the faithful performance of a contract entered into between Henry C. Roetzel, as contractor, and one Jacob L. Bryant, the then superintendent of construction of said drain.

The first paragraph of complaint alleges:

On November 14, 1917, the appellant, Henry C. Roetzel, entered into a contract with the superintendent of construction of a certain drain in Ohio and Hammond Townships in Spencer County, Indiana, to construct the same according to plans and specifications which were

a part of the contract and was to receive $11.48 for each cublic yard of earth removed in the construction of said drain and gave a bond in the sum of $5,000 with John G. Rimstidt and Thomas E. Snyder as sureties thereon to secure the faithful performance of said contract. That the appellant Roetzel failed and neglected to complete said drain according to the plans and specifications and according to the terms of his contract. That it became necessary to relet said work for completion; that the amount of $2,592.13 was necessary and required to complete the said drain according to plans and specifications and pay the incidental expenses thereof.

The second paragraph of complaint alleges the same facts in substance as the first but alleges in addition thereto specific facts to support the conclusion that the drain was not completed according to plans and specifications.

Both paragraphs of complaint allege that the superintendent of construction, under order of the Spencer Circuit Court, levied and collected an extra assessment against the landowners whose lands were effected by said drain in an amount to complete the drain.

The appellants filed a separate demurrer to each paragraph of the complaint on the grounds that said paragraphs do not allege facts sufficient to constitute a cause of action against the appellants, for the reason that the appellee as superintendent of construction is not the real party in interest herein, and is not the proper relator to bring the action, and, having collected funds from the landowners to complete said drainage, he can not bring the action for and on behalf of them. The demurrers to each paragraph of the complaint were overruled to which rulings of the court the appellants at the time excepted. An answer of general denial was filed to the complaint and a number of other questions are raised

by specific answers, but we do not consider them controlling factors in this case.

There was a trial by court, and there was a special finding of facts by the court and conclusions of law stated thereon. A judgment was rendered against the appellants in the sum of $2,593.13.

The alleged errors we need to consider are the overruling of appellants' separate demurrers to the first and second paragraphs of complaint and the overruling of appellants' motion for a new trial, which alleges that the finding of facts is not sustained by sufficient evidence.

The facts found by the court and amply supported by the evidence were to the effect that said drainage was not completed according to plans and specifications on the 15th day of June, 1915, as provided in the contract.

The appellants abandoned the work in 1917, at which time there remained about 12,000 cubic yards of earth to be removed from the drain and 5,749 cubic yards of silt and loose dirt to be removed therefrom. The drain was not dug to sufficient depth, nor of sufficient width, and that the same had never been received by the superintendent of construction.

The court finds the separate amounts and items that it became necessary to expend to complete the drain occasioned by the appellant Roetzel's failure to comply with the contract, aggregating the amount for which he rendered judgment.

He also finds the landowners have paid an assessment to the superintendent of construction in the total sum of $2,593.13.

Burns 1926, Sec. 6182 (Acts 1907, page 508), provides: "And in case any person or party whose lands are assessed for the construction of such ditch shall be damaged by reason of such default and failure of such contractor to complete the work within the time limited,

such contractor so in default shall be liable on his bond to the person or party so damaged to the full amount of such damages, which may be recovered in any court of competent jurisdiction in a suit or action on such bond by the State of Indiana on the relation of the person or party damaged for the use of such person or party injured or damaged, and the amount recovered shall be paid to the party injured, and such superintendent of construction may bring suit on such bond in any court of competent jurisdiction to recover any increased cost, expense or damages of or to the work by reason of such failure of such contractor, and the amount recovered shall be and become a part of the funds in the hands of the superintendent for the construction of such work the same as assessments."

The case of the *State ex rel. Ackerman, Auditor* v. *Karr et al.* (1906), 37 Ind. App. 120, 76 N. E. 780, was where a drain had been constructed under the Acts of 1881, ch. 44, page 410, and amendments thereto, where, under the law, it was the duty of the obligor upon entering into a contract with the auditor for the construction of a ditch to give a bond with surety to the approval of such auditor, providing for the compliance with his contract. The court says that the bond is one of indemnity, and it is a protection to those who suffer damages and costs by reason of the contractor's noncompliance with the contract. The entire additional burden is made to rest upon the landowner. He is thereby damaged, he is the party who is injured and interested and it is held in that case that the auditor could not bring the action where the landowners had been subjected to an increased assessment, but it is the contention of the appellees herein that the act of 1907 gives the superintendent power to bring the suit.

The case of *State of Indiana ex rel. Markley, Superintendent* v. *Frantz et al.* (1914), 181 Ind. 316, 103 N. E.

833, 834, is similar in most respects to the case at bar, in that the contractor failed to perform the work according to the plans and specifications and it became necessary for the superintendent of construction to obtain funds to complete the work and, in construing this statute, the court, quoting the language of the statute, said: "Such superintendent of construction may bring suit on such bond . . . to recover any increased cost, expense or damage of or to the work by reason of such failing of such contractor, and the amount of recovery shall be and become a part of the fund in the hands of such superintendent for the construction of such work, the same as assessments." The court says: "By its terms the appellee Frantz, agreed 'to construct and fully complete in the manner set out in the report of the viewers . . . allotment No. 608 . . . for the sum of $764.50.' This he failed to do and such failure resulted in the necessary reletting of the contract for the completion of the work and the performance of additional services by the superintendent and for such failure appellee, Frantz, is liable on his bond,"——and it was held that the superintendent in such action is a proper relator under the provisions of the Act of 1907.

There are three propositions in this case that are not successfully controverted: (1) The ditch was not constructed according to contract; (2) the amount it cost to complete it according to plans and specifications was $2,592.13; and (3) the bond was given to secure this identical amount.

We are called upon to decide whether the act of the superintendent of construction in securing the levy of an extra assessment against the landowners and collecting the same from said landowners, relieves the appellants from their obligation on the bond. It may be that the superintendent should have proceeded directly

against the signers of the bond, and that he should not have collected an extra assessment from the landowners.

It has been held many times that payments made to an officer of the court under a misapprehension as to one's legal rights is not a voluntary payment and may be recovered back by the party making such payment. *Trower* v. *San Francisco* (1907), 152 Cal. 479, 92 Pac. 1025, 15 L. R. A. (N. S.) 183 and cases there cited; *Sando* v. *Smith* (1925), 237 Ill. App. 570; *In re Home Provident Safety Fund Assn.* (1891), 129 N. Y. 288, 29 N. E. 323.

In the case of *Eley* v. *Miller* (1893), 7 Ind. App. 529, 34 N. E. 836, this court held in a drainage proceeding where a county auditor collected certain fees not contemplated in the statute, that the party paying them could recover the same and it could not be held to be a voluntary payment, citing *Benson, Admr.* v. *Christian* (1891), 129 Ind. 535, 29 N. E. 26.

We are unable to see how the appellants' rights could be effected in any way by anything the superintendent of construction did as between him and the landowners. The appellants were not parties to the assessment, and if the superintendent made a mistake and collected funds which he should not have collected, his acts in that behalf should not inure to the benefit of the appellants or relieve them from a plain liability on their bond.

We believe that this case was fairly tried. The court found the facts in accord with the evidence and reached a correct result.

We find no reversible error in the record and therefore the judgment is affirmed.

### ON PETITION FOR REHEARING.

LOCKYEAR, J.—The appellants have filed an exhaustive brief in support of their petition for a rehearing

in which it is alleged that this court has not considered a number of errors assigned.

Burns 1926, Sec. 1361, Acts 1901, page 570, provides: "In every case reversed by a division of the Appellate Court, an opinion shall be given on the material questions therein in writing;" and it has been held that written opinions are required only when a judgment is reversed. *Craig* v. *Bennett* (1902), 158 Ind. 9, 62 N. E. 273; *Woods* v. *Indiana Assn.* (1902), 28 Ind. App. 359, 61 N. E. 1139, 62 N. E. 454.

If this court is not required to write any opinion in the affirmance of a case, there can certainly be no error in omitting from an opinion the discussion of any assignment of error that is of no controlling influence.

The fact that the written opinion does not mention every point raised by the appellants in their brief does not mean that they were not given due consideration.

It does mean in this case that we believe the trial judge reached the correct result in his finding of facts and conclusions of law and that the opinion of this court gives reasons sufficient to support that view of the case.

Petition for rehearing denied.