## SUPREME COURT.

### EBENEZER HAIGHT agt. ORATOR HOLCOMB.

An *attorney* is entitled to a *lien* upon the judgment for the amount due him for services rendered in the prosecution of the suit, whether as attorney or counsel.

And notwithstanding a settlement of the suit between the parties, the attorney as the equitable assignee of the judgment, to the extent of the amount due him, has a right to enforce payment by *execution.*

*Albany Special Term, October,* 1857.

MOTION to stay proceedings.

The action was brought to recover a balance claimed to be due upon a special contract. Issue being joined, it was referred to referees, who reported that there was due to the plaintiff the sum of $722. For this amount, with $344 costs, making $1,066, judgment was perfected on the 27th of July, 1857.

The next day the parties met together, and agreed to settle the judgment for $1,000, for which sum the defendant agreed to execute to the plaintiff, his promissory note, payable in two years. The note was also to be signed by Abel Holcomb and Friend Holcomb. A note was accordingly made by the defendant, and was signed by Abel Holcomb, and was delivered to the plaintiff, who executed a receipt therefor, as follows: "Cairo, July 28th, 1857. Received of Orator Holcomb, his note for $1,000, which is in full of all demands, &c., *on condition* that Friend Holcomb signs the above mentioned note with O. and A. Holcomb. EBENEZER HAIGHT."

On the 4th of August, 1857, D. K. Olney, Esq., the plaintiff's attorney, by direction of the plaintiff, served upon the defendant a notice that the note which had been made and delivered on the 28th of July, would not be received, and that the judgment would be collected in due course of law. Mr. Olney, on the same day, served upon the defendant a notice that he claimed to have a lien upon the judgment for $250.25,

for his costs, counsel fees and disbursements, in the action. An execution to the sheriff of Greene, was also issued on the same day.

On the 28th day of August, the plaintiff and defendant again met, and agreed upon another settlement, which was reduced to writing, and indorsed upon the receipt given on the 28th of July, as follows: " It is agreed that the judgment in the supreme court, in favor of Ebenezer Haight against O. Holcomb, shall stand as security for the payment of the within described note, and that the signature of Friend Holcomb to the note is waived."

(Signed,)        " E. HAIGHT,<br>
" O. HOLCOMB."

At the time this settlement was made, the plaintiff was in-formed of the notice which had been served upon the defend-ant by his attorney, and he then claimed and insisted that he had a good defence and set-off against any claim or demand which his attorney had against him for costs and counsel fees in this action. The plaintiff at the same time, agreed that the execution might be withdrawn, upon payment of the sheriff's fees, and the defendant accordingly paid to the sheriff his fees, amounting to $25. The sheriff refused to return the execu-tion, but insists upon collecting thereon the sum of $250, and has been indemnified for so doing by the plaintiff's attorney.

Upon an affidavit of the defendant, setting forth these facts, and a further affidavit of the plaintiff in which he denied that he was indebted to his attorney in any amount whatever for his services, the defendant moved for an order setting aside the execution or staying all further proceedings thereon.

Affidavits were read in opposition to the motion, tending to show that there was due to Mr. Olney for his costs and coun-sel fees in this action, the sum claimed in his notice of the 4th of August.

S. A. GIVENS, *for motion.*
D. K. OLNEY, *opposed.*

Haight agt. Holcomb.

HARRIS, Justice.   The settlement upon which the defend-
ant now relies to defeat the execution, was made on the 28th
of August.   He had before that had notice of the lien claimed
by the attorney.   If, therefore, the attorney had a lien upon
the judgment for his services, the defendant is not in a situa-
tion to claim protection on the ground that when he made the
settlement, he was ignorant of such claim.

It was a well settled doctrine before the Code, that although
costs were in form recovered by the prevailing party, and be-
came a part of the judgment in his favor, yet the attorney was
to be regarded as an equitable assignee to the extent of his
costs, and his rights as such assignee would be protected.
(See Williams agt. Batterman, 4 Barb. 47, and cases cited.)

Nor can I perceive that the doctrine has been changed by
the Code.   A reference to the first title of the chapter of the
Revised Statutes, relating to costs, (2 R. S. 612,) will show
that costs, under the former system of proceedings, were al-
ways recovered as they are now, by the prevailing party in
the action.   The third title of the same chapter, prescribed the
fees of various officers of the court, including among others,
attorneys and counsellors.   These fees, upon taxation, became
a part of the costs recovered by the party.   So now, certain
allowances are made to the prevailing party, which are called
costs.   The rates of these allowances have been changed, but
as before, they are recovered by the party, and become a part
of his judgment.   The great change which the Code effected
in this respect, was the repeal of all statutes fixing the com-
pensation of attorneys, solicitors and counsellors, and leaving
the amount open to contract between the parties in each par-
ticular case.   The fee bill is no longer a criterion by which the
amount to which the attorney is entitled can be determined.
He is now entitled to receive, not the sum which has been al-
lowed to his client for costs, but such sum as he has agreed to
receive, or in the absence of an express agreement, such sum
as his services were worth.

But in all this, I can see no reason why the attorney should
not have the benefit of the former doctrine, that he is to be re-

Haight agt. Holcomb.

garded as the equitable asignee of the judgment *to the extent of his claim for services.* The mode in which the extent of his interest is ascertained is changed, but the grounds upon which the courts act in protecting that interest, are unchanged. (*See Sherwood* agt. *The Buffalo and New-York City Railroad Company,* 12 *How.* 136; *Sweet* agt. *Bartlett,* 4 *Sand.* 661; *Ward* agt. *Wordsworth,* 9 *How.* 16; 1 *E. D. Smith,* 598.) In the latter case, the question directly before the court was, whether the lien of the attorney for his services had been abolished by the Code? The whole subject has received at the hands of Judge DALY, a more complete and thorough examination than I have met with elsewhere. The opinion itself is a fine specimen of juridical learning and sound argument. "All that the Code has done," says the learned judge, "has been to abolish the fee bill, and take away all restraints upon attorneys making agreements with their clients for their services. It has left the attorney to agree with his client for a greater or less sum than is given to the party, by way of indemnity for his expenses; but I cannot see how this legislation can be regarded as abolishing or affecting the attorney's lien. He did not derive it from these statutes. It existed long before any fee bill was enacted. The right to a lien for services rendered is one thing, and the measure by which the value of these services is ascertained, is another. The latter has been the subject of statutory enactment, the former has not. The statute has not interfered with the right of lien, except to limit the extent of it; and when that limitation is removed by the repeal of all statutes regulating the fees of attorneys, the right of lien, upon the authority of adjudged cases, stands precisely as it stood before."

My conclusion in this case is, that Mr. Olney is entitled to a lien upon the judgment for the amount due him for services rendered in the prosecution of the suit, whether as attorney or counsel, and that notwithstanding the settlement between the parties, as the equitable assignee of the judgment to the extent of the amount due him, has a right to enforce payment by execution.

Before making a final order upon the motion, and for the purpose of ascertaining the amount justly due to the attorney for his services as attorney and counsel in the action, I shall direct a reference to inquire and report upon that fact. An order will be entered appointing Rufus H. King, Esq., a referee for that purpose, and directing that the further hearing of the motion stand over until the coming in of the report.