### RULAND v. WAUKESHA WATER CO.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

WRONGFUL DISCHARGE OF SERVANT—DUTY TO SEEK OTHER EMPLOYMENT.

Where a servant employed as salesman for a year at a fixed salary was discharged before the year expired, but had thereafter refused certain employment, and had not attempted to get employment as a salesman, it was error, in an action against his employer to recover the salary expressed in the contract, to refuse to instruct that, if the servant did not use reasonable diligence, after his discharge, to obtain the same or similar employment, the judgment on the question of damages should be for the defendant.

Appeal from trial term, New York county.

Action by Arthur L. Ruland against the Waukesha Water Company on a contract of employment. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, and INGRAHAM, JJ.

William J. Patterson, for appellant.
Charles J. Hardy, for respondent.

VAN BRUNT, P. J. In the complaint in this action there were originally three causes of action set out. The first was to recover damages because of an unjustifiable discharge, the plaintiff having

been employed for a year at a fixed salary. The second cause of action was for wages due him at the time of his discharge, and certain disbursements which he had incurred. The third was for commissions. The third cause of action was dismissed upon the trial, and the questions involved in this appeal embrace only the first cause of action, as upon the trial the defendant conceded the amount of wages and disbursements set out in the second cause of action. There is only one exception which it is necessary to consider in the determination of this appeal, and that is the first request of the defendant to the court to charge. Evidence had been introduced upon the cross-examination of the plaintiff by the defendant tending to show that he had not accepted other employment which he might have obtained because he could not succeed in getting what he wanted, and that he made no efforts to get employment as a salesman, or in the line of work in which he had been before engaged. The court had charged that, unless the defendant had proven by a preponderance of evidence that there was an amount which the plaintiff might have earned, and which he failed to earn through lack of diligence on his part, the jury were to make no deduction from the agreed amount of wages, since the defendant must bear the burden of showing that the damages, if the plaintiff is entitled to have damages, were less than the amount which would be the natural damages as found in the agreement for stated wages. At the conclusion of the charge the court was requested to charge that "the plaintiff was under obligation, after his discharge, to use reasonable diligence to procure employment in the same or similar kind of work; and if you should find the plaintiff has not made such diligent effort, it will be your duty to find for the defendant upon the question of damages." This the court refused except as charged. The proposition, as requested, the defendant was entitled to have before the jury. It is a familiar rule in respect to damages in cases of this description that the plaintiff is bound to use reasonable efforts in order to reduce the damages in case he has been unjustifiably discharged; that is, he must use reasonable diligence to obtain other employment of a similar character, or employment which is suited to his station. It was held in Crawford v. Publishing Co., 22 App. Div. 54, 47 N. Y. Supp. 747, that the burden was upon the defendant either to show that employment was offered and declined, or that no effort was made to procure such employment. In the case at bar the defendant had shown by the cross-examination of the plaintiff that he had declined employment because he could not succeed in getting what he wanted, and that he had made no efforts to get employment as a salesman, or in the line of work in which he had been engaged. Here was a clear violation of the duty imposed upon him, and, having failed in his duty in this regard, the defendant was entitled to the direction contained in its request. The charge, as given by the court, in no way instructed the jury as to the duties of the plaintiff, nor as to the rights of the defendant in case there was a failure upon the part of the plaintiff to perform his duty of reducing the damages. By this charge the burden was placed upon the defendant of showing that there was some precise amount which the plaintiff might have earned, and

which could be deducted from the amount of damages which he sustained; thus placing upon the defendant a burden which it was impossible for it to meet, as those facts were peculiarly within the knowledge of the plaintiff. The defendant having shown a declination of employment by which the damage could be reduced, it certainly was incumbent upon the plaintiff to limit by his evidence the result of such failure to perform his duty. No attempt of this kind was made. It appeared generally that the plaintiff had declined employment which he could have obtained, and that he had not sought employment similar to that at which he had theretofore been engaged; and upon this state of the evidence the defendant clearly was entitled to an instruction to the jury that, if they found these facts, it was entitled to a verdict, or at most the plaintiff was entitled to nominal damages only.

We think, therefore, that for this reason the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.