NORTON & SIEGEL, INC., Appellant, *v.* PHYLLIS M. NOLAN, as Executrix of JAMES R. NOLAN, Deceased, Respondent.

Argued December 7, 1937; decided January 11, 1938.

*Philip E. Barnard* for appellant. The court below erred in holding that the judgment was not appealable because it recites that it was entered on motion of appellant's attorneys. (*Fish* v. *Weatherwax*, 2 Johns. Cas. 215; *Smith* v. *Dittman*, 16 Daly, 427; *Fisher Co.* v. *Woods*, 187 N. Y. 90; *Robbins* v. *Railroad Co.*, 7 Bosw. 1; *Purdy* v. *Peters*, 15 Abb. Pr. 160; *Raymond* v. *Tiffany*, 115 App. Div. 350; *Davis* v. *Fogarty*, 134 App. Div. 500; *Rector of St. Stephen's Church* v. *Rector of Church of the Transfiguration*, 134 App. Div. 452; *Oppenheimer* v. *Carabaya Rubber & Nav. Co.*, 145 App. Div. 830; *Bloch* v. *Bloch*, 136 App. Div. 770.) The Appellate Division erred in dismissing the appeal. (*Raymond* v. *Tiffany*, 115 App. Div. 350; *Davis* v. *Fogarty*, 134 App. Div. 500; *Rector of St. Stephen's Church* v. *Rector of Church of the Transfiguration*, 134 App. Div. 452; *Hengel* v. *Banna*, 221 App. Div. 831; *S. J. E. Bldg. Corp.* v. *Matt O. M. Construction Co.*, 265 N. Y. 282.)

*James G. Purdy* for respondent. The Appellate Division correctly held that the judgment was not appealable by the plaintiff, it clearly appearing that it had been entered on plaintiff's own motion. (*Fish* v. *Weatherwax*, 2 Johns. Cas. 215; *Genet* v. *Davenport*, 59 N. Y. 648;

*Traffarn* v. *Getman,* 49 Hun, 611; *Hooper* v. *Beecher,* 109 N. Y. 609; *Munson Realty Co.* v. *Melrose Bond & Mortgage Corp.,* 232 App. Div. 832; *Matter of Gier,* 243 App. Div. 560; *Schrader* v. *Fraenckel,* 113 App. Div. 395; *Josias* v. *Nivois,* 107 N. Y. Supp. 19; *Oppenheimer* v. *Demuth Glass Mfg. Co.,* 56 Misc. Rep. 459; *Diver* v. *American Ice Co.,* 129 N. Y. Supp. 65.)

O'BRIEN, J.   This action was brought to recover a sum in excess of $4,600 but the judgment of the referee awarded a lesser amount.   In plaintiff's notice of appeal to the Appellate Division occurs this language: " plaintiff appeals from *so much of* said decision and judgment as decides and adjudges that the plaintiff have and recover from the defendant the sum of $1,574.25."   The notice of appeal also states that plaintiff will bring up for review its exceptions to the referee's refusal of its requests to find facts and to make conclusions of law and also its exceptions to the findings and conclusions " *in so far as* said findings of fact and conclusions of law limit the recovery herein by this plaintiff to the sum of $1,574.25."   Its appeal was dismissed by the Appellate Division upon the sole ground that the judgment recites that it was entered upon the motion of plaintiff's attorneys.

Obviously a judgment by default or one entered upon consent is not reviewable.   Respondent strongly relies upon two decisions in this court, *Genet* v. *Davenport,* (59 N. Y. 648) and *Hooper* v. *Beecher* (109 N. Y. 609), but they do not appear to require a dismissal.   In the *Genet* case the appeal was from the *entire* judgment; here plaintiff appealed only from " so much " of the judgment as was adverse and " in so far " as it limited the amount of the recovery.   In the *Hooper* case (p. 610) the court emphasized the fact that upon appellants' own motion, " they obtained the precise relief they had made application for."   A party which has been completely successful is not aggrieved, but the appellant now before us is in no

such position. By the judgment from which it appealed two-thirds of the sum which it asserts to be due was withheld. In *Bloch* v. *Bloch* (136 App. Div. 770) the Appellate Division reversed an order which recited entry upon appellant's motion and held that, under the circumstances, substance should prevail over form. In *Oppenheimer* v. *Carabaya R. & N. Co.* (145 App. Div. 830, 833) the court reversed an order and stated in its opinion; " Although this order recites that it was entered on motion of the defendant's [appellant's] attorneys, it is evident upon its face, *when read in conjunction with the notice of motion,* that such recital does not indicate that defendant was satisfied with the order, and it will not, therefore, be held to be precluded thereby." When the recitals in the judgment before us are considered in relation to the allegations of the complaint the fact seems clear that plaintiff was not satisfied with the judgment. The language in the notice of appeal in this action makes certain the dissatisfaction of plaintiff.

The judgment of the Appellate Division should be reversed, with costs in this court, and the matter remitted to the Appellate Division for consideration on the merits.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.