GEORGE A. KEREMELIS, Appellant, *v.* ALBANY PEARL TAXI, INC., et al., Respondents.

Third Department, November 10, 1948.

*DeGraff & Foy,* attorneys (*William F. Conway* of counsel), for appellant.

*Dugan, Barkhuff & Dugan,* attorneys (*William B. Byrne, Jr.,* of counsel), for respondent, Albany Pearl Taxi, Inc.

HEFFERNAN, J. On October 14, 1945, while appellant was a passenger in a taxicab owned and operated by respondent, the Albany Pearl Taxi, Inc., the vehicle in which he was riding collided with an automobile owned and operated by the corespondent, at the intersection of two public highways in the city of Albany, and as a result of the collision appellant suffered personal injuries.

Thereafter he instituted this action against both respondents for the recovery of the damages which he sustained. The trial resulted in a judgment entered upon the verdict of a jury in appellant's favor and against both defendants in the sum of $400. From that judgment and from an order denying his motion for a new trial on the ground that the amount awarded is inadequate, appellant has come to this court.

There is no serious dispute as to the nature and extent of appellant's injuries. His physician testified that they consist of abrasions to the forehead and scalp, lacerations to the right ear which required several sutures to close, two fractured ribs, concussion and shock and a permanent discoloration on the forehead due to an abrasion. The doctor also testified that due to these injuries appellant was under his care until April, 1946, and that during this period he was unable to work.

The doctor's bill for his services is $350. In addition to that sum it is undisputed that appellant's special damages, exclusive of lost wages, for hospitalization, X rays, medicines, etc., amount to $55.

The testimony of the physician who examined appellant on October 20, 1945, on behalf of respondents is substantially in accord with that given on appellant's behalf, with the exception as to the period of disability. Respondents' doctor said it should not exceed two months instead of six months according to appellant's medical evidence.

On the proof in this record we are satisfied that the verdict is grossly inadequate and should not be permitted to stand.

On this appeal no claim is made by respondents that the issues of negligence and contributory negligence were improperly resolved against them. In effect they concede that the jury rightly found against them on these two propositions. In fact respondent Ague made no appearance in our court, nor was a brief filed on his behalf.

The only question raised by respondent, the Albany Pearl Taxi, Inc., which we need discuss, is that appellant cannot appeal from the judgment because it recites that it was entered " *on motion of DeGraff and Foy, attorneys for the plaintiff*".

The right to appeal is given to a party aggrieved except from a judgment or order entered upon his default (Civ. Prac. Act, §§ 557, 608). If the judgment is in favor of a party, ordinarily he is not aggrieved and cannot appeal (*Hooper* v. *Beecher,* 109 N. Y. 609); but if it is less favorable than that to which he deems himself entitled he may always appeal (*Bloch* v. *Bloch,* 136 App. Div. 770; *Oppenheimer* v. *Carabaya Rubber & Navigation Co.,* 145 App. Div. 830, 833; *Norton & Siegel, Inc.,* v. *Nolan,* 276 N. Y. 392).

The fact that a judgment or order recites that it was entered on the motion of a party will not prevent him from appealing therefrom if it is apparent from the record that such recital is untrue (6 Carmody on New York Pleading and Practice, § 47, pp. 54, 55, and cases cited).

In this case an examination of the record shows that appellant did not recover all that he was entitled to receive and he is, therefore, aggrieved. The amount awarded is an insignificant fractional part of the sum laid in the *ad damnum.* The recital in the judgment evidently was an inadvertent statement and should not result in the dismissal of a meritorious appeal. To do so would be to exalt form over substance. Furthermore the record in the case before us not only shows that appellant was aggrieved but when the verdict was rendered he immediately moved to set it aside as inadequate. He promptly evidenced his dissatisfaction with the amount of the award and has appealed from the order denying his motion to vacate it. The rule that a party may enter a judgment for the purpose of appealing from it is well recognized.

The judgment and order appealed from should be reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.

HILL, P. J., BREWSTER, FOSTER and RUSSELL, JJ., concur.

Judgment and order reversed, on the law and facts, and a new trial granted, with costs to appellant to abide the event.