LIBERTY MUTUAL INSURANCE COMPANY, Appellant, *v.* ARNOLD MART, Individually and Doing Business as P. X. TELEVISION SALES & SERVICE, Respondent.

First Department, October 5, 1954.

*John Nielsen* of counsel (*John P. Smith,* attorney), for appellant.

*Theodore M. Rogers* for respondent.

*Per Curiam.* The defendant's motion to dismiss the complaint in an action brought in the Municipal Court was granted in that court. Thereupon the plaintiff made several fruitless efforts to appeal to the Appellate Term from this determination. The first appeal was dismissed because the order appealed from was not an appealable order and plaintiff had not obtained the necessary leave to appeal. Subsequent applications for leave to appeal were frustrated because a proper judgment had not been entered upon the order dismissing the complaint. The **defendant, after the first appeal had been dismissed, entered**

a so-called "judgment on appeal" which has apparently become confused with a proper judgment dismissing the complaint.

Finally, the parties entered into a stipulation vacating the "judgment on appeal" entered by defendant and providing that the plaintiff might enter judgment "in the form annexed hereto". Pursuant to this stipulation the plaintiff entered judgment upon the order of the Municipal Court dismissing its complaint and then filed a notice of appeal from said judgment. Defendant has moved to dismiss this appeal upon the ground that the judgment was not appealable, since it was entered upon the express consent, agreement and stipulation of the plaintiff. The Appellate Term granted this motion dismissing the appeal and the plaintiff, by leave of this court, appeals from the order of dismissal.

The circumstances under which the stipulation came to be signed are not set forth clearly in the papers. There is no doubt, however, that the plaintiff strenuously opposed the dismissal of its complaint, sought reargument, and thereafter consistently and continuously endeavored to appeal. There can be no doubt that both parties understood that the sole purpose of the stipulation was to lay an adequate technical foundation for such an appeal. And there is no suggestion that by signing the stipulation and entering judgment thereon plaintiff was consenting to what the court had done — namely, the dismissal of its complaint. On the contrary, the plaintiff was taking a formal, necessary step in an effort to undo the court's action. It is this element of continuing opposition to the defendant's original motion and to the court's determination thereof, that distinguishes this case from those cases in which there was some factor of consent in whole or in part to the litigated relief sought from and given by the court (*Genet* v. *Davenport*, 59 N. Y. 648; *Hooper* v. *Beecher*, 109 N. Y. 609; *Alleva* v. *Hagerty*, 65 N. Y. S. 690; *Bacon* v. *Abbey Press*, 87 N. Y. S. 165; *November Realty Corp.* v. *McComb*, 106 N. Y. S. 2d 798). There cannot be spelled out of the stipulation in this case any agreement that the plaintiff had no cause of action against the defendant.

Nor can it be found that the plaintiff was satisfied with the judgment that was entered. In *Oppenheimer* v. *Carabaya Rubber & Nav. Co.* (145 App. Div. 830, 833), quoted with approval in *Norton & Siegel* v. *Nolan* (276 N. Y. 392, 395), the court stated: "'Although this order recites that it was entered on motion of the defendant's [appellant's] attorneys, it is evident upon its face, *when read in conjunction with the notice of*

*motion,* that such recital does not indicate that defendant was satisfied with the order, and it will not, therefore, be held to be precluded thereby.' "

To dismiss an appeal without consideration of its merits on the foregoing facts would be, as stated in *Keremelis* v. *Albany Pearl Taxi* (274 App. Div. 360, 362), " to exalt form over substance ".

Accordingly, the order of the Appellate Term dismissing plaintiff's appeal should be reversed, the motion denied, and the matter remitted to the Appellate Term to be heard upon the merits.

Peck, P. J., Dore, Breitel, Bastow and Botein, JJ., concur.

Determination unanimously reversed, with $20 costs and disbursements to appellant, and the matter is remitted to the Appellate Term to be heard upon the merits.