Mr. Justice Benjamin, dissenting,
said: “I believe it is improper to limit plaintiff’s damages for his wrongful discharge to the period prior to his entry into business. I believe he is entitled to his contract salary for the unexpired period of the contract, less whatever he has so far earned and can reasonably be expected hereafter to earn from his business up to the end of the contract period. For these reasons, I think the judgment should be reversed and a new trial ordered solely on the issue of damages for the wrongful discharge.” (Supra, p. 476.)
Defendant-respondent does not question the sufficiency of the proof upon which the trial court found it to have breached its contract with plaintiff. However, it challenges the plaintiff’s right to take this appeal after an affirmance by the Appellate Division of a judgment in his favor, the amount of which was paid to the plaintiff after he issued execution thereon.
The plaintiff contends that, notwithstanding the fact that he was the successful party in both courts below, this appeal lies because the wrong measure of damages was used in awarding him judgment herein. Both the majority and the minority in the Appellate Division held that the plaintiff did not waive his right to appeal by accepting the $5,000 awarded him. We agree with this conclusion.
There is nothing inconsistent in a party’s accepting the benefit of a judgment below and appealing in an attempt to increase the award (see Matter of Silverman [Hoe & Co.], 305 N. Y. 13, 17). In any event, a party dissatisfied with the amount of the judgment is clearly an “ aggrieved party ” within the meaning of CPLB 5511 (cf. Norton & Siegel v. Nolan, 276 N. Y. 392; Keremelis v. Albany Pearl Taxi, 274 App. Div. 360). Moreover, neither party here seeks a reversal of the judgment below. Plaintiff seeks a modification increasing the award; defendant asks for affirmance. Concededly, plaintiff was entitled to the amount already received.
While we agree with the Appellate Division that the plaintiff is a proper appellant, the majority in the Appellate Division erred in limiting the plaintiff’s recovery.
There is a finding by both lower courts that the defendant wrongfully discharged the plaintiff. The only question presented is whether the plaintiff is then entitled to a judgment for *74 the salary called for in the contract to its termination date. The breach of contract action is an action at law and the principles applicable thereto must be applied.
“ The plaintiff is entitled to damages which will compensate him for the defendant’s breach of contract. Prima facie the measure of such damage is ‘ the wage that would be payable during the remainder of the term; ’ but this is only the prima facie measure. The actual damage is measured by the wage that would be payable during the remainder of the term reduced by the income which the discharged employee has earned, will earn, or could with reasonable diligence earn during the unexpired term. (McClelland v. Climax Hosiery Mills, 252 N. Y. 347, 358.) * * * The discharged employee’s damages may be measured prima facie by the unpaid wage, but it is the present worth of the obligation to pay the wages at a time in the future that fixes the damages. Indeed, in the case of breach of contract of employment, not only time but the uncertainty of human life may be taken into consideration in fixing the present worth of an obligation to pay money due at some time in the future, after the trial.” (Hollwedel v. Duffy-Mott Co., 263 N. Y. 95, 101, 104.)
While the plaintiff is required to mitigate damages upon breach, the burden of proving a lack of diligent effort to mitigate damages is upon the defendant (Howard v. Daly, 61 N. Y. 362; Milage v. Woodward, 186 N. Y. 252, 257-258; McClelland v. Climax Hosiery Mills, 252 N. Y. 347, 358 [Cardozo, Ch. J., concurring] ; Hollwedel v. Duffy-Mott Co., supra; Karas v. H. R. Labs., 271 App. Div. 530, 537, affd. 297 N. Y. 494; Crabtree v. Elizabeth Arden Sales Corp., 305 N. Y. 48; 13 N. Y. Jur., Damages, § 32, pp. 464-465).
Here the proof shows that the plaintiff was borrowing funds to form a corporation for the purpose of going into the electronic business. At the time of trial, the corporation had no bank account; it owned no assets; and the plaintiff received no employment income after his discharge, but did receive $600 in unemployment insurance payments.
Defendant appears to have offered no proof of what, if anything, plaintiff earned or could have earned after his wrongful discharge. Instead, defendant makes the bare, and from the authorities above cited, incorrect assertion that plaintiff had *75 the burden of showing his prospective income from his newly formed corporation. From this incorrect premise, defendant concludes that, because plaintiff chose to form his own business venture, he is barred from further recovery.
The record shows that the plaintiff attempted to obtain employment after his wrongful discharge, and, failing to do so, started his own business with the intention of promoting his invention, if upon trial he was awarded the right to use the invention. Under these circumstances, we fail to see how it could be held that the plaintiff’s entry into corporate business barred his right to damages accruing after that date. After the plaintiff’s failure to obtain employment, his decision to form a corporation from which he might reasonably expect to derive some financial benefit was consonant with his obligation to mitigate damages (cf. Crabtree v. Elizabeth Arden Sales Corp., supra). In Pindar v. Jenkins (128 App. Div. 711), Mr. Justice Kellogg, dissenting, said: “ The question is one of a reasonable effort. If the plaintiff honestly took this position believing that it was the best he could do under the circumstances as they then existed, even though he made a mistake and worked too cheaply * * * the defendant is not to escape thereby from making the plaintiff good for the damage which he caused to him.” (128 App. Div. 711, 716.) This court adopted Justice Kellogg’s dissent as the basis for reversing the majority in Pindar (199 N. Y. 588). Therefore, the mere fact that plaintiff organized a corporation should not bar recovery on the ground that he took himself out of the employment field. By so holding, we avoid the absurdity of one rule of law calling upon the plaintiff to make reasonable efforts to mitigate his damages ‘ ‘ while another rule required him to remain idle in order that he may recover full wages ” (Howard v. Daly, 61 N. Y. 362, 373, supra).
If the majority in the Appellate Division tacitly relied on the contract covenant against competition as the basis for limiting plaintiff’s recovery, the majority was incorrect. Such a covenant is valid and enforcible, but not when the party benefited was responsible for the breach of the contract containing the covenant (Millet v. Slocum, 4 A D 2d 528, 534, affd. 5 N Y 2d 734; I. Edward Brown, Inc. v. Astor Supply Co., 4 A D 2d 177, 179).
*76 In sum, the lower courts improperly concluded that plaintiff was barred from recovering anything for the period following formation of his corporation. Although defendant offered no proof of mitigation of damages, on this record, it would be needlessly harsh for us to require the defendant to pay over the balance due on the employment contract. Bather, we remit this case for a new trial on the question of damages only, at which trial the defendant will now be in a better position to show, if it can, the actual and prospective earnings of plaintiff from his corporate business. Plaintiff’s corporation was just created about the time of trial. Enough time has now elapsed to permit an evaluation of his potential income from the corporation and the ascertainment of the income so far actually received by plaintiff therefrom.
We conclude that, in addition to the amount already paid, plaintiff is entitled to receive the present value of the money that would have been due him under the original contract, less what he has earned and can reasonably be expected to earn in his new corporate venture during the unexpired term of the contract (Hollwedel v. Duffy-Mott Co., 263 N. Y. 95, 101, 104, supra).
The order, insofar as appealed from, should be reversed, with costs to plaintiff in this court and in the Appellate Division, and the matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Bergan and Keating concur.
Order reversed, etc.