■ DORA ROSENBLUM, as Administratrix of the Estate of JACQUES ROSENBLUM, Deceased, Respondent, v HERMAN C. STEINER, Appellant.—Motion by defendant-appellant for leave to appeal to the Court of Appeals from this court's order entered January 4, 1977 [55 AD2d 867], modifying an order of Supreme Court, New York County, entered August 4, 1976, which, upon a motion under CPLR 3213 had denied summary judgment and dismissed the action without prejudice to the commencement of arbitration proceedings. The modifications consisted in vacating dismissal of the action, directing arbitration except for the usury defense, and staying the action pending arbitration. Cross motion by plaintiff-respondent for leave to appeal to the Court of Appeals in respect of the direction to arbitrate pursuant to an agreement dehors the promissory notes in suit. Although defendant's papers had informally cross-moved to compel arbitration, Special Term disposed of that request for relief by dismissing plaintiff's action without prejudice to the commencement of an arbitration proceeding. But such a proceeding had already been commenced. This court's modification gave recognition to defendant's informal cross motion to compel arbitration by directing arbitration, albeit we removed the matter of the claim of usury from the arbitration. In effect, Special Term's order could broadly be construed as a direction to arbitrate, and, as such, would be a final one for purposes of appeal. (Merrill Lynch, Pierce, Fenner & Smith v Griesenbeck, 21 NY2d 688.) Our modification of that final order by restricting the arbitration by elimination of the usury defense constituted a modification by which defendant was aggrieved. (See Norton & Siegel v Nolan, 276 NY 392, 394–395; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.05, pp 55–72; Cohen and Karger, Powers

of the New York Court of Appeals, p 394 [rev ed, 1952]). Defendant, therefore, may appeal as of right pursuant to CPLR 5601 (subd [a], par [iii]). On the other hand, our modification did not aggrieve plaintiff either by restricting the arbitration or by substituting a stay for dismissal of the action. Hence, as to plaintiff, the balance of our decision constituted unanimous affirmance necessitating leave to appeal, even though our order was final for purposes of appeal to the Court of Appeals. Defendant's motion is denied on the ground that he may appeal as of right. Had we not reached that conclusion, we would have granted leave in any event. Plaintiff's cross motion for leave to appeal is granted on the ground that there is a question of law involved that ought to be reviewed by the Court of Appeals. The arbitration is stayed pending decision of the further appeal and cross appeal. Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Markewich, JJ.