■ Rita M. Yaroschak, Appellant, v Suffern Window Cleaning Company, Inc., Doing Business as Prestige Building Maintenance, Respondent. (And a Third-Party Action.)— Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Bergerman, J.), entered March 23, 1990 in Rockland County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff, an employee of Eastchester Savings Bank, slipped

and fell on the bank's vault floor. She then initiated this action against defendant, the company which performed the bank's maintenance work, for breach of warranty and negligence. Supreme Court granted defendant's summary judgment motion. Plaintiff appeals.

Inasmuch as the judgment adversely affected plaintiff's interests, defendant's suggestion that plaintiff cannot appeal because she was not an aggrieved party (see, CPLR 5511) is specious (see, Keremelis v Albany Pearl Taxi, 274 App Div 360, 362; see generally, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5511.05).

With respect to the merits, we find that Supreme Court properly dismissed the complaint. Defendant's proof demonstrated that it never waxed or polished the vault's tile floor, but merely cleaned and buffed it. Plaintiff and the nonparty witnesses all swore in their depositions that there was no substance or residue on the floor at the time of the accident, and no defect in the tile was alleged. At worst, the witnesses' statements indicated that the floor was occasionally slippery. That a floor is slippery, however, does not give rise to a cause of action for negligence absent evidence of a negligent application of wax or polish (Silver v Brodsky, 112 AD2d 213, 214; see, Swartz v Rose, 40 AD2d 1028).

As defendant established its entitlement to summary judgment, plaintiff was obligated to demonstrate the existence of issues of fact requiring plenary resolution (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). Plaintiff failed to meet this burden. Plaintiff conceded that there was no proof that defendant negligently waxed the floor. The thrust of her argument was that questions of fact existed as to whether defendant negligently failed to strip the floor at least twice a year in accordance with what assertedly is the accepted industry standard. Notwithstanding that plaintiff offered no excuse for submitting inadmissible proof to support this assertion (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068), the expert's opinion was unsworn; the opinion was thus insufficient to create a question of fact on this issue for it was based on the expert's factually undocumented conjecture as to what could have occurred (see, supra; see also, Winegrad v New York Univ. Med. Center, supra; Shaw v Time-Life Records, 38 NY2d 201, 207).

Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur. Ordered that the order and judgment are affirmed, without costs.